DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before this on court an "Application for Leave to Proceed in Oral Argument Scheduled for July 13, 2005" and an "Application Referring to the Panel of Judges, Appellant's Written Motion for Oral Argument Pursuant to App.R. 21(H), and other Applicable Legal Provisions" filed by appellant, Gregory T. Howard, on July 12, 2005.
 {¶ 2} The record in the Lucas County Court of Common Pleas shows that on December 28, 2004, the trial court granted a motion for summary judgment in favor of appellees and dismissed appellant's claim for worker's compensation benefits. A notice of appeal was filed on February 10, 2005, and the matter was set for oral argument in this court. On May 17, 2005, the Franklin County Court of Common Pleas filed a judgment entry in which it found appellant is a vexatious litigator. On July 12, 2005, one day before oral argument was scheduled to take place, appellant filed the applications herein.
 {¶ 3} Pursuant to R.C. 2323.52(D)(3), a person who is found to be a vexatious litigator "may not * * * continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section."
 {¶ 4} R.C. 2323.52(F)(2) provides that a vexatious litigator "who seeks to institute or continue any legal proceedings in a court of appeals or make an application, other than an application for leave to proceed * * * shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. * * *" The court of appeals may grant the application only after being "satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds to the proceedings or application. * * *"
 {¶ 5} In addition to the above, R.C. 2323.52(I) states:
 {¶ 6} "Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, thecourt in which the legal proceedings are pending shall dismiss theproceedings or application of the vexatious litigator." (Emphasis added.)
 {¶ 7} On consideration, we find appellant's application to participate in oral argument is not the equivalent of an application for leave to proceed with the entire appeal, as required by R.C. 2323.52(F)(2). We further find appellant's second application must be denied, because appellant filed it without first obtaining leave pursuant to R.C.2323.52(F)(2). Finally, because appellant filed his second application without first obtaining leave to proceed, we must dismiss this appeal pursuant to R.C. 2323.51(I). Appellant's application to participate in oral argument is therefore rendered moot and is ordered stricken.
 {¶ 8} Appeal dismissed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Appeal dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., Concur.