DECISION
{¶ 1} Defendant-appellant, Robert T. Farley, Jr., has filed a motion in the above-referenced cases requesting this court to find Receiver A.C. Strip and the trial court in contempt for refusing to disburse to appellant certain sums of money following his divorce and appellant's filing of multiple subsequent actions.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law. The magistrate noted that appellant was declared a vexatious litigator, pursuant to R.C.2323.52, by the Franklin County Court of Common Pleas, Division of Domestic Relations, on September 30, 2003. The magistrate has recommended that this court dismiss the motion, pursuant to R.C. 2323.52(I), based upon appellant's failure to seek leave of this court before filing his motion as required by R.C. 2323.52(D)(3) and (F)(2). In the alternative, the magistrate has recommended that this court deny the motion based upon the magistrate's determination that the Receiver has complied with this court's order and that contempt is not the proper procedural vehicle to remedy the trial court's alleged failure to comply with this court's decision. No objections have been filed to the magistrate's decision.
 {¶ 3} Finding no error or other defect on the face of the magistrate's decision, we adopt that decision as our own pursuant to Civ.R. 53(C), including the findings of fact and conclusions of law contained therein, except to the extent that the magistrate refers to appellant's motion as an action. In accordance with the magistrate's first recommendation, appellant's motion is dismissed pursuant to R.C. 2323.52.
Motion dismissed.
Brown, P.J., and Bryant, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
Barbara J. Farley, :
 Plaintiff-Appellee, :
 (Cross-Appellant), : Nos. 99AP-1103
 : and 99AP-1282
v. : (REGULAR CALENDAR)
Robert T. Farley, Jr.,
 Defendant-Appellant, :
 (Cross-Appellee). :
Barbara J. Farley, :
 Plaintiff-Appellee, :
v. : No. 00AP-419
Robert T. Farley, Jr., : (REGULAR CALENDAR)
 Defendant-Appellant. :
The First National Bank of Chicago, :
As Trustee,
 Plaintiff-Appellee, :
 :
v. No. 03AP-226
 :
Robert T. Farley et al., (REGULAR CALENDAR)
 Defendants-Appellants. :
 MAGISTRATE'S DECISION Rendered on March 25, 2005 Robert T. Farley, Jr., pro se.
Strip, Hoppers, Leithart, McGrath Terlecky Co., L.P.A., andJerry E. Peer, Jr., for Receiver, A.C. Strip.
 ON MOTIONS {¶ 4} Defendant-appellant, Robert T. Farley, Jr., has filed motions in the above referenced cases requesting that this court find the Receiver A.C. Strip and the trial court in contempt for refusing to disburse to appellant certain sums of money following his divorce and numerous actions thereafter brought, pro se, by appellant.
Findings of Fact:
 {¶ 5} 1. Appellant's wife filed a complaint for divorce in November 1996 and the Franklin County Court of Common Pleas, Division of Domestic Relations, issued a judgment entry and decree of divorce on September 10, 1999.
 {¶ 6} 2. Numerous motions were filed both by appellant and his ex-wife relative to the distribution of property, both personal and relative to appellant's former business, contempt motions, and motions for attorney fees.
 {¶ 7} 3. At a hearing held November 2, 1999, the trial court found appellant in contempt for failure to comply with the terms of the final judgment entry and decree of divorce.
 {¶ 8} 4. On appeal, this court found that the trial court did not have jurisdiction over appellant with regards to the contempt proceedings and remanded the matter to the trial court on that issue as well as other issues including the trial court's failure to sufficiently address the issue of the division of capital gains tax liabilities associated with the rental properties, responsibility for a Bank One line of credit, in failing to fix a termination date for the spousal support, and the trial court's failure to award post-judgment interest. Farley v. Farley (Aug. 31, 2000), Franklin App. No. 99AP-1103.
 {¶ 9} 5. In response to the judgment entry of this court, the Receiver filed a report with the trial court with regard to the following property:
* * * The Receiver now seeks direction from this Court regarding the disposition of said personal property, records, and equipment contained within these units.
Also, certain Farley Equipment, Inc. funds were deposited into the Receiver's trust account. The Receiver deposited the following funds into his trust account that were made payable to or held for the benefit of Farley Equipment, Inc. Those funds were:
$73.33 — funds turned over by the Delaware County Bank for a bank account held in the name of Farley Equipment, Inc.
$404.50 — Bureau of Workers' Compensation refund premium check for Farley Equipment, Inc.
Based upon the Appellate Court's decision entered on August 31, 2000, the Receiver makes application to return said funds to Defendant, Robert T. Farley.
The Receiver further makes application to this Court for direction concerning certain other funds turned over to the Receiver. The Court is well aware of the history of the actions of the parties in this case. Based upon the contempt orders pending when the Receiver was appointed, the Receiver obtained turnover of certain funds of Robert T. Farley that were deposited into the Receiver's trust account. Those funds were as follows:
$3,319.64 Robert Farley — Nations Bank account
$959.69 Robert Farley — Bank One account
$6,215.00 Robert Farley — Delaware County Bank account
$46.00 Robert Farley — Invesco Funds refund
$31.73 Robert Farley — The Columbus Coal Lime Co. refund.

Based upon the Appellate Court's decision entered on August 31, 2000, the Receiver makes application to this Court for direction concerning the treatment of the above referenced funds.
 {¶ 10} 6. Thereafter, the trial court put on an order determining the matter as follows: "The Court finds that the Receiver should retain possession of the foregoing funds pending further findings and Orders of this Court which may result from certain hearings docketed for November and December of this year."
 {¶ 11} 7. On November 15, 2004, appellant filed the instant motion entitled as follows:
Motion of defendant-appellant Robert T. Farley for a show cause order for the long term defiance by the trial court of the orders of this court and for Receiver Asriel C. Strip's defiance, theft and malfeasance in office, also in defiance of the orders of this court over an extended period of time.
 {¶ 12} 8. After reviewing appellant's motion, assertions, and attachments, the magistrate was able to identify certain monetary amounts which appellant claimed the Receiver had refused to turn over to him in spite of this aforementioned court's judgment entry. Because appellant had only attached what he considered to be relevant pages from motions and orders, the magistrate ordered the Receiver to present evidence relative to the status of certain monetary amounts.
 {¶ 13} 9. In response thereto, the Receiver filed a notice regarding disbursement of funds and attached complete copies of motions and court orders relevant to the identified funds.
 {¶ 14} 10. Upon a review of that evidence, the magistrate finds that, in response to this court's prior order, the Receiver petitioned the trial court for direction regarding the disbursement of certain personal property, records, and equipment, which the Receiver was able to identify as subject to this court's entry. The Receiver specifically identified two sources of funds which he believed should be immediately turned over to appellant:
$73.33 — funds turned over by the Delaware County Bank for a bank account held in the name of Farley Equipment, Inc.
$404.50 — Bureau of Workers' Compensation refund premium check for Farley Equipment, Inc.
 {¶ 15} Furthermore, the Receiver identified the following funds which the Receiver believed could be subject to this court's entry and sought direction from the trial court concerning the treatment of those funds:
$3,319.64 Robert Farley — Nations Bank account
$959.69 Robert Farley — Bank One account
$6,215.00 Robert Farley — Delaware County Bank account
$46.00 Robert Farley — Invesco Funds refund
$31.73 Robert Farley — The Columbus Coal Lime Co. refund.
 {¶ 16} 11. As indicated previously, the trial court ordered the Receiver to retain possession of those funds pending further findings and orders of the trial court.
 {¶ 17} 12. The matter is currently before the magistrate for review.
Conclusions of Law:
 {¶ 18} As stated previously, appellant has filed this action seeking to find the Receiver in contempt of this court's orders. Furthermore, appellant seeks to find the trial court in contempt of this court's prior orders. For the reasons that follow, the magistrate finds that the Receiver should not be held in contempt as he has taken the steps necessary to comply with this court's order and that contempt is not the proper remedy for the trial court's alleged failure to comply with this court's decision.
 {¶ 19} Contempt is generally defined as disobedience or resistance to a process, order, rule, or judgment of a court. See R.C. 2705.02(A). "[`]It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.' Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55." Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 15.
 {¶ 20} In the present case, this court's decision did not specifically order the Receiver to turn over any specific funds to appellant. Instead, this court's decision found that the trial court did not have authority to hold appellant in contempt. Thereafter, the Receiver sought permission from the trial court to provide appellant with certain funds which the Receiver believed should be distributed to him as a result of this court's decision. The Receiver also identified certain other funds which the Receiver believed could be subject to this court's decision and sought direction from the trial court regarding those funds as well.
 {¶ 21} The record shows that the Receiver did not disregard this court's decision and that a finding of contempt against him is unwarranted. Furthermore, to the extent that the trial court has arguably failed to comply with this court's prior decision, a proceeding to find the trial court in contempt is not the proper remedy for appellant to utilize to achieve his desired result.
 {¶ 22} Additionally, the magistrates notes that appellant was declared a vexatious litigator, pursuant to R.C. 2323.52, by the Franklin County Court of Common Pleas, Division of Domestic Relations, on September 30, 2003, and was prohibited from instituting legal proceedings against his wife, her trial counsel, and/or the court appointed Receiver in any Ohio common pleas, municipal, or Ohio county courts. R.C. 2323.52, effective June 28, 2002, provides, in pertinent part, as follows:
(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *
(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. * * *
(C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.
(D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court[.]
* * *
(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.
(E) An order that is entered under division (D)(1) of this section shall remain in force indefinitely unless the order provides for its expiration after a specified period of time.
* * *
[F](2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. * * *
(G) During the period of time that the order entered under division (D)(1) of this section is in force, no appeal by the person who is the subject of that order shall lie from a decision of the court of common pleas or court of appeals under division (F) of this section that denies that person leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court.
* * *
(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.
 {¶ 23} As amended in 2002, the vexatious litigator statute now applies to proceedings in the court of appeals. Appellant was declared to be a vexatious litigator by entry of the common pleas court on September 3, 2003. As such, R.C. 2323.52, as amended, would apply to the instant action filed in this court. Because appellant failed to seek leave of this court before pursuing this matter, as required under R.C.2323.52(D)(3) and (F)(2), the magistrate finds that this matter should be dismissed as required by R.C. 2323.52(I).
 {¶ 24} Based on R.C. 2323.52, the magistrate recommends that this court dismiss appellant's action or, alternatively, deny appellant's motion to find the Receiver and the trial court in contempt of this court's prior decision.