ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Robert Grundstein appeals from the order of the trial court that dismissed his action against defendants eWolfes Corporation ("eWolfes") and George Bielert. For the reasons set forth below, we dismiss this appeal.
 {¶ 2} In Grundstein v. Ewolfs Corp., Cuyahoga App. No. 84149, 2004-Ohio-5744, we set forth the facts of this matter as follows:
 {¶ 3} "According to a copy of the contract between Wolf's and Margaret Grundstein, plaintiff [Robert Grundstein's] sister, plaintiff's mother had, through her daughter, consigned numerous pieces of furniture and artwork to Wolf's Fine Arts Auctioneers. Bielert was `a member of' Wolf's, as he put it in his motion to dismiss. Wolf's did business as ewolf.com, LLC, also called eWolf's Gallery, Inc. and Bielert took over its management after a corporate shakeup. The items which Grundstein's sister had consigned on behalf of their mother were sold at auction, according to the complaint, for over $7,000.
 {¶ 4} "Wolf's ceased operating as a business after the auction at which the Grundstein property was sold, but before the money raised by this sale was delivered to Grundstein. Robert Grundstein initially filed this suit in his mother's name. Although an attorney, he is not admitted to practice in the state of Ohio. The suit, therefore, was dismissed without prejudice. His mother then assigned her rights under the consignment contract to him and he proceeded to refile the suit pro se in his own name against Bielert, eWolf's Gallery, Inc. and Wolf's Gallery, Inc.
"Defendant Bielert filed a Civ.R. 12(B)(6) motion for `dismissal of the First Amended Complaint in its entirety, to the extent claims are asserted against him in his individual capacity.' The trial court granted this motion with the following journal entry:
DEFENDANT'S MOTION TO DISMISS IS UNOPPOSED AND GRANTED. CASE IS DWP AT PLAINTIFF'S COSTS. THIS COURT RETAINS JURISDICTION OVER ALL POST-JUDGMENT MOTIONS. FINAL.
 {¶ 5} "The trial court granted the motion to dismiss as originally filed by George Bielert and then dismissed the entire case with prejudice. The two remaining defendants, eWolf's Gallery, Inc. and Wolf's Gallery, Inc., did not file any motions to dismiss on their own behalf and the trial court was without the authority to grant dismissal on their behalf and dismiss the entire underlying action. Cf. Marshall v. Aaron (1984),15 Ohio St.3d 48, 472 N.E.2d 335. We therefore reverse the judgment of the trial court which dismissed with prejudice the underlying action against eWolf's Gallery, Inc. and Wolf's Gallery, Inc." See Grundstein v. Ewolf's Corp., supra. Following our remand, Plaintiff filed a motion for default judgment on March 25, 2005. The trial court scheduled the matter to be heard on May 11, 2005 and instructed Plaintiff to provide the court with documentation demonstrating, inter alia, that Plaintiff had sent a letter to defendant eWolf's informing them that failure to appear may result in default judgment.
 {¶ 6} On April 19, 2005, the court cancelled the default hearing, and noted that service had not been perfected on defendant eWolf's Corporation. The court ordered that the case would be dismissed within thirty days unless good cause is shown.
 {¶ 7} On June 22, 2005, Defendant George Bielert moved to declare Plaintiff a vexatious litigator. On July 22, 2005, the court issued the following order:
 {¶ 8} "* * * Plaintiff's motion to consolidate default judgment is denied. Plaintiff seeks to combine the judgment in Case No. 448903 with the current action * * * Case No. 448903 was a default judgment wherein Plaintiff's mother received an award against Wolf's Gallery, Inc. That action is a final judgment and an inactive case. In the current matter Plaintiff is not even entitled to the default judgment * * * Plaintiff seeks to add yet another variation of the existing parties to bring back in Mr. George Bielert; a party previously dismissed and upheld by the court of appeals. Mr. Bielert is not a party to the case. * * * Service remains unperfected and this court has no indication that additional attempts to perfect service were successful. Pursuant to this court's entry of 4/19/05, * * * this case is dismissed. * * * The court retains jurisdiction to rule on defendant's pending motion * * * to have plaintiff declared a vexatious litigator."[1]
 {¶ 9} Plaintiff appeals from the July 22, 2005 entry and assigns three errors for our review.[2] The record reveals, however, that on September 19, 2005, the trial court held a hearing on the motion to have plaintiff declared a vexatious litigator. In an entry journalized on October 12, 2005, the trial court concluded that plaintiff is a vexatious litigator and instructed: "he is prohibited from initiating or proceeding in any legal matter without first obtaining leave of court pursuant to Revised Code 2323.52."[3]
 {¶ 10} In accordance with the foregoing, we conclude that plaintiff does not have authority to proceed with this appeal as he has been declared a vexatious litigator and no leave to appeal has been granted.
 {¶ 11} R.C. 2323.52(D)(3) states:
 {¶ 12} "A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section."
 {¶ 13} R.C. 2323.52(F)(2) provides that a vexatious litigator "who seeks to institute or continue any legal proceedings in a court of appeals or make an application, other than an application for leave to proceed * * * shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. * * * The court of appeals may grant the application only after being satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds to the proceedings or application. * * *"
 {¶ 14} In addition R.C. 2323.52(I) states:
 {¶ 15} "Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator." See, generally, Howardv. Adm'r Bureau of Workers' Comp., Lucas App. No. L-05-1055,2005-Ohio-3598.
 {¶ 16} Plaintiff's notice of appeal was filed in August 2005. He was declared a vexatious litigator pursuant to an entry journalized on October 12, 2005. Thus, Plaintiff was required to obtain leave of court prior to filing any legal documents. Gainsv. Harman, 148 Ohio App.3d 357, 2002-Ohio-2793, 773 N.E.2d 583.
 {¶ 17} On October 14, 2005, Plaintiff submitted a corrected brief to this court. On October 19, 2005, eWolf's Corporation advised this court that Plaintiff had been declared a vexatious litigator by the trial court. On October 28, 2005, Plaintiff filed a motion for leave to proceed and to add additional assignments of error. This motion was denied by this court. Accordingly, Plaintiff continued a legal proceeding without leave of court and this matter must be dismissed pursuant R.C.2323.52(I). See Howard v. Adm'r Bureau of Workers' Comp., Lucas App. No. L-05-1055, 2005-Ohio-3598; Farley v. Farley, Franklin App. Nos. 99AP-1103, 99AP-1282, 00AP-419, 03AP-226,2005-Ohio-3994.
 {¶ 18} In any event, we can find no basis for reversing the trial court's July 22, 2005 entry. On January 6, 2004, the trial court dismissed the action as to all defendants, including Bielert "with prejudice." Upon appeal, this court reversed the court's order only as to eWolf's Gallery, Inc. and Wolf's Gallery, Inc. Consistent with the law of the case, Bielert therefore remains dismissed from the action with prejudice as the prior order as to him was an adjudication on the merits.Reasoner v. City of Columbus, Franklin App. No. 04AP-800,2005-Ohio-468; White v. Belcher, Cuyahoga App. No. 84214,2004-Ohio-5873.
 {¶ 19} Further, the docket reveals that service was not perfected as to eWolf's Gallery, Inc. and Wolf's Gallery, Inc. The matter was therefore subject to dismissal as to these defendants otherwise than on the merits. Thomas v. Freeman,79 Ohio St.3d 221, 1997-Ohio-395, 680 N.E.2d 997.
 {¶ 20} Accordingly, we dismiss this appeal.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Karpinski, J., and Corrigan, J., concur.
[1] Plaintiff filed a motion with this court for leave to proceed with the appeal pursuant to R.C. 2323.52(F). This court denied the leave, however.
[2] See Appendix.
[3] On November 17, 2005, plaintiff appealed the ruling to this court, but the appeal was subsequently dismissed as untimely filed under App.R. 4.