ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On July 26, 2005, the relator, Robert Grundstein, commenced this writ action for mandamus and prohibition against the respondent, Judge Patrick Carroll. Grundstein seeks prohibition because, he argues, the trial court lost subject matter jurisdiction over him when his probation expired in the underlying case, City of Lakewood v. Robert Grundstein,
Lakewood Municipal Court Case No. 02 B 435. Thus, this court should prevent Judge Carroll from enforcing any current penalties and from imposing any further penalties. For the following reasons, this court, sua sponte, dismisses this application for extraordinary writs for failure to comply with R.C. 2323.52, the vexatious litigator statute.
 {¶ 2} In the underlying case Grundstein pleaded no contest to violating Lakewood Municipal Ordinance 549.04, improper handling of a firearm, which is a fourth degree misdemeanor. On March 19, 2002, Judge Carroll sentenced him to a $1000 fine and 180 days in jail, but suspended the jail sentence and $750 of the fine. The judge then put him on probation for two years with the condition that he not have firearms.
 {¶ 3} Nevertheless, Grundstein, a resident of Vermont, sought to obtain a firearm in his home state. On May 1, 2003, the Lakewood Municipal Court Probation Officer filed a probation violation charge against Grundstein alleging that he had altered a court document in order to acquire a firearm. Grundstein also sent an insulting letter to the probation officer. Judge Carroll set a probation violation hearing for June 30, 2003. Claiming he did not receive proper notice of the hearing, Grundstein did not appear, and Judge Carroll issued a capias. In July 2004, Grundstein was arrested on the capias, and Judge Carroll subsequently extended the probation. However, Grundstein maintains that his two-year probation expired on March 19, 2004, and after that date Judge Carroll lost all jurisdiction over him. Therefore, all of Judge Carroll's orders are void, and prohibition and mandamus should issue to nullify those orders and terminate the probation and its conditions.
 {¶ 4} However, on October 12, 2005, the Cuyahoga County Common Pleas Court in Grundstein v. Ewolf's Corporation, Case No. CV-513849, ruled that Grundstein is a vexatious litigator pursuant to R.C. 2323.52. On November 17, 2005, Grundstein appealed this ruling to this court, but this court dismissed the appeal as untimely pursuant to App.R. 4. Thus, the ruling that Grundstein is a vexatious litigator is in full force and effect.
 {¶ 5} R.C. 2323.52(D)(3) provides in pertinent part: "A person who is subject to an order [finding the person to be a vexatious litigator] may not * * * continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section in any legal proceedings * * * in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section."
 {¶ 6} R.C. 2323.52(F)(2) provides in pertinent part that a vexatious litigator "who seeks to * * * continue any legal proceeding in a court of appeals * * * shall file an application for leave to proceed in the court of appeals in which the legal proceedings * * * are pending. * * * The court of appeals may grant the application only after being satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds to the proceedings or application."
 {¶ 7} Moreover, R.C. 2323.52(I) states: "Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section had instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate * * * court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator."
 {¶ 8} In the present case this writ action has been pending approximately six months after the common pleas court declared Grundstein a vexatious litigator, and he has not filed an application for leave to proceed but has awaited rulings on his pending motions and applications. Thus, he has continued a legal proceeding without leave of court and this matter must be dismissed pursuant to R.C. 2323.52(I). Grundstein v. Ewolf'sCorporation, Cuyahoga App. No. 86872, 2006-Ohio-1600; Howard v.Administrator Bureau of Workers' Compensation, Lucas App. No. Ll-05-1055, 2005-Ohio-3598; and Farley v. Farley, Franklin App. Nos. 99AP-1103 and 99 AP-1282, 2005-Ohio-3994.
 {¶ 9} Moreover, it is difficult to find merit in Grundstein's current writ action, because, inter alia, the issues are barred by res judicata. Previously, in Grundstein v. Judge Carroll,
Cuyahoga App. No. 83885, 2004-Ohio-2346, Grundstein sought a writ of prohibition arguing that Judge Carroll did not have personal jurisdiction over him because he did not receive adequate notice of the June 2003 probation violation hearing — a critical issue in the present case. If Grundstein did have adequate notice, then the capias issued at the June 2003 hearing would be valid and the probation period tolled, undermining Grundstein's argument. This court denied Grundstein's application for a writ of prohibition, ruling that Grundstein had failed to show that Judge Carroll patently and unambiguously lacked jurisdiction to proceed in this matter. The judge clearly had authority to conduct a probation violation hearing. Additionally, this court held that Grundstein has or had an adequate remedy at law by appealing the revocation of his probation. Furthermore, in Lakewood v. Grundstein,
Cuyahoga App. No. 84763, 2005-Ohio-2826, he argued that he was not properly served with notice of the June 20, 2003 hearing to modify probation and that there was no description of an offense sufficient to charge appellant with a probation violation. This court rejected both of those arguments.
 {¶ 10} Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction.State ex rel. Rootstown Local School District Board of Educationv. Portage County Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. TrumbullCounty Court, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. If Judge Carroll had jurisdiction to conduct the probation violation hearing, he would also have sufficient jurisdiction to determine his own jurisdiction regarding the expiration of probation. Grundstein would also have the adequate remedy of appeal. Indeed, Grundstein could have raised his current argument in Case No. 84763. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. Rogers v. Whitehall (1986), 25 Ohio St.3d 67,494 N.E.2d 1387.
 {¶ 11} The court also notes that Grundstein seeks relief in declaratory judgment, e.g., a finding that the bail set in his case was not authorized by law. This court does not have jurisdiction to issue declaratory judgments. State ex rel. Neerv. Indus. Comm. (1978), 53 Ohio St.2d 22, 371 N.E.2d 842.
 {¶ 12} Accordingly, this court sua sponte dismisses this application for an extraordinary writ. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Cooney, P.J., Concurs Blackmon, J., Concurs.