OPINION
{¶ 1} In August 2004, pro se Appellant Jorge Ortiz, Sr. ("Jorge, Sr.") entered a plea of no contest to a charge of aggravated menacing, and his two sons, Carlos and Jorge, Jr., each entered a plea of no contest to charges of trespassing. Appellants fully acknowledge that they pleaded no contest, that the convictions were duly entered, and that the convictions continue to be legally binding judgments that have not been appealed. A year later, they filed a claim of malicious prosecution against Appellees Gwendolyn Van Nest and JoAnn Frye in the Jefferson County Court of Common Pleas. Gwendolyn is Jorge, Sr.'s ex-wife, and JoAnn is Gwendolyn's mother. Appellees filed a counterclaim to have the court declare Jorge, Sr. to be a vexatious litigator. The trial court dismissed the malicious prosecution claim because one of the elements of malicious prosecution is that the prosecution must terminate in favor of the defendant. Because Appellants admit that they pleaded no contest and were convicted, they cannot prevail on a claim of malicious prosecution. The court eventually granted Appellees' vexatious litigator claim against Jorge, Sr. as well. Appellants are appealing both of the trial court's rulings. The trial court was correct in dismissing the malicious prosecution claim against all three because Appellants admitted they could not prove one of the elements of the claim. The court also acted within its discretion in designating Jorge, Sr. as a vexatious litigator. The judgments are affirmed.
 HISTORY OF THE CASE {¶ 2} Prior to 2003, Appellant Jorge Ortiz, Sr. and Appellee Gwendolyn Van Nest were married and living in Florida. In late 2003, Gwendolyn moved to Ohio. *Page 3 
Jorge, Sr. hired a bounty hunter to find her. He began telling people that Gwendolyn was addicted to crack cocaine. He left a photo of Gwendolyn at a restaurant in Cadiz, Ohio, with the words "adulteress, cheater, feel the guilt, incest" written on the back. Gwendolyn instituted divorce proceedings. The couple had three children, all of whom were emancipated by the time the divorce complaint was filed. During the divorce proceedings, the court issued a variety of anti-stalking protection orders against Appellants. In August of 2004, all three Appellants were arrested while trespassing at JoAnn Frye's house. JoAnn is Gwendolyn's mother. Appellant pleaded no contest to a charge of aggravated menacing, and his two sons pleaded no contest to trespassing charges.
 {¶ 3} The divorce was granted in January of 2005. Jorge, Sr. filed an appeal, but he lost. Ortiz v. Ortiz, 7th Dist. No. 05 JE 6,2006-Ohio-3488.
 {¶ 4} On August 5, 2005, Appellants filed a pro se complaint that did not state any particular cause of action, but sought $600,000 in damages allegedly arising from the convictions in Jefferson County.
 {¶ 5} On August 16, 2005, Appellees filed a motion to dismiss for failure to state a claim. A counterclaim was also filed against only Jorge, Sr., alleging that he was a vexatious litigator pursuant to R.C. 2323.52. On August 26, 2005, Appellants clarified that the complaint raised claims for malicious prosecution.
 {¶ 6} On August 29, 2005, the court held a hearing on the motion to dismiss. Appellant Jorge, Sr. appeared pro se. The other two plaintiffs, his sons, failed to appear either in person or through counsel. Appellees were present, along with their *Page 4 
retained counsel. On September 1, 2005, the trial court dismissed Appellants' claims for malicious prosecution. Appellants jointly filed an appeal on September 23, 2005.
 {¶ 7} On December 19, 2005, while the appeal was still pending, Appellants filed a motion to vacate the September 1, 2005, judgment. The trial court then filed a journal entry stating that all proceedings would be stayed until the appeal was resolved. Appellants voluntarily dismissed the appeal. The trial court overruled the motion to vacate on March 20, 2006.
 {¶ 8} On March 27, 2006, the court held a hearing to deal with the vexatious litigator claim. Appellees presented five witnesses. Appellees established that the malicious prosecution claim had no legal basis, and it was dismissed by the trial court shortly after it was filed. It was also established that Appellant, Jorge, Sr. continued to file further frivolous motions in the case and then failed to show up for hearings, failed to present evidence, tried to relitigate the divorce and the criminal actions in the wrong forum, and repeated arguments in every hearing that had already been rejected by the court.
 {¶ 9} Tonya Ortiz, who is Appellant Jorge, Sr.'s daughter, testified at the hearing. She related that Jorge, Sr. threatened to file lawsuits against Appellee JoAnn Frye until "she went broke" because he blamed her for breaking up his marriage. (3/27/06 Tr., pp. 10-11.) Another witness, Jessica Warrens, gave similar testimony, stating that Jorge, Sr. threatened to continuously file lawsuits against JoAnn until "she was broke." (3/27/06 Tr., p. 16.) *Page 5 
 {¶ 10} The evidence at the hearing revealed that, in the matter before us, Jorge, Sr. filed a complaint, an amended complaint, a motion to reconsider, and a motion to vacate. In all of these filings he admitted that he pleaded no contest to criminal charges, thus defeating a claim for malicious prosecution. He would not accept the trial judge's clear rulings on evidentiary issues and matters of law. He filed a motion for the judge to recuse himself and a disciplinary action against Appellees' attorney, both of which were dismissed. Frivolous conduct sanctions were imposed against him. Jorge, Sr. filed an appeal of the original dismissal in this case, and then voluntarily dismissed the appeal seven months later. The record also shows that he filed recent lawsuits against the Jefferson County Sheriff's Department and the Jefferson County Court system. Jorge, Sr. appears to have acted pro se during all of these proceedings.
 {¶ 11} On September 29, 2006, the trial court found that Jorge, Sr. was a vexatious litigator, and ordered him to obtain leave of the court before filing any motions, complaints, or other court actions. Appellant subsequently filed an appeal on October 23, 2006, encompassing both the September 29, 2006, judgment, and the September 1, 2005, decision to dismiss the malicious prosecution claim.
 FAILURE TO OBTAIN LEAVE TO FILE THIS APPEAL {¶ 12} Appellant Jorge Ortiz, Sr. has been declared a vexatious litigator, pursuant to R.C. 2323.52(D)(1). The vexatious litigator statute, as amended in 2002, contains a clear requirement that a person who is declared to be a vexatious litigator *Page 6 
must obtain leave to proceed from the court of appeals before proceeding to make any other filings in the court of appeals.
 {¶ 13} R.C. 2323.52(D)(3) states:
 {¶ 14} "(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in acourt of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appealsto proceed pursuant to division (F)(2) of this section." (Emphasis added.)
 {¶ 15} R.C. 2323.52(F)(2) states:
 {¶ 16} "(2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall filean application for leave to proceed in the court of appeals in which thelegal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for *Page 7 
the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of appeals to grant the person leave to proceed as described in division (F)(2) of this section, the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made." (Emphasis added.)
 {¶ 17} R.C. 2323.52(I) states:
 {¶ 18} "(I) Whenever it appears by suggestion of the parties orotherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legalproceedings without obtaining leave to proceed from the appropriatecourt of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pendingshall dismiss the proceedings or application of the vexatious litigator." (Emphasis added.)
 {¶ 19} Appellees have suggested that Jorge, Sr.'s appeal should be dismissed because he has not requested or obtained leave to file or prosecute this appeal. The Eleventh District Court of Appeals has recently reviewed the current version of R.C. 2323.52 and held that the clear mandatory language of the statute requires a vexatious litigator to file an application for leave to appeal prior to filing an appeal.Huntington Natl. Bank v. Lomaz, 11th Dist. No. 2005-P-0075,2006-Ohio-3880. Various other courts of appeal have come to same conclusion as Huntington Natl. *Page 8 Bank. See, e.g., Howard v. Ohio Bur. of Workers' Comp., 6th Dist No. L-05-1055, 2005-Ohio-3598; Farley v. Farley, 10th Dist. Nos. 99AP-1103, 99AP-1282, 00AP-419, 03AP-226, 2005-Ohio-3994.
 {¶ 20} Jorge, Sr.'s failure to file leave to proceed presents something of an impediment for him to fully litigate this appeal. Normally, the only jurisdictional requirement for initiating an appeal is the filing of a timely notice of appeal pursuant to App. R. 3 and 4(A). Once a person has been designated a vexatious litigator, though, there is an additional requirement: the vexatious litigator must ask for leave to proceed. See Huntington Natl. Bank, supra, at ¶ 15. If leave is not granted to proceed with the appeal it is dismissed. R.C. 2323.52(I). Leave to proceed will not be granted unless the appellate court, "is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. R.C. 2323.52(F)(2).
 {¶ 21} We are concerned that Jorge, Sr. may never have an opportunity to actually appeal the trial court's decision to classify him as a vexatious litigator because the very designation has imposed restraints on his ability to file an appeal. Although it is clear that Jorge, Sr. has given up his right to appeal any issue surrounding his malicious prosecution claim because he failed to request leave from this Court to proceed, we will entertain his assignments of error regarding the vexatious litigator designation in the interests of due process. We caution Jorge, Sr., however, that he may not again file further materials to this Court without first obtaining leave of this Court. Appellants Carlos Ortiz and Jorge Ortiz, Jr., have not *Page 9 
been designated as vexatious litigators, thus, we will address the issues they have raised regarding their malicious prosecution complaint.
 ASSIGNMENT OF ERROR NO. 1 {¶ 22} "Dismissing Appellants (Plaintiffs) [sic] complaint without allowing them an opportunity to present their case on the grounds that appellants pleaded No Contest was error."
 {¶ 23} Appellants contend that a conviction based on a no contest plea does not bar a malicious prosecution claim. Appellants are incorrect. The law in Ohio is very clear regarding the four essential elements to raise a claim of malicious prosecution: (1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. Crawford v. Euclid Nat. Bank (1985), 19 Ohio St.3d 135,139, 483 N.E.2d 1168. A proceeding is "terminated in favor of the accused" only when its final disposition indicates that the accused is innocent. Ash v. Ash (1995), 72 Ohio St.3d 520, 522, 651 N.E.2d 945. "[A]n unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused generally constitutes a termination in favor of the accused." Id.
 {¶ 24} A conviction resulting from a plea of no contest conclusively establishes that the prosecution did not terminate in favor of the accused. Byrd v. Kirby, 10th Dist. No. 04AP-451, 2005-Ohio-1261, ¶ 33;Carpenter v. Meade (Mar. 3, 1994), *Page 10 
10th Dist. No. 93APE09-1306; Mcgaha v. Murphy's Mart, Inc. (Dec. 30, 1983), 11th Dist. No. 1343.
 {¶ 25} Appellants present no Ohio caselaw to rebut these very basic legal principles. The cases that Appellants have cited deal with another issue altogether: whether a prior conviction that is later overturned onappeal can still be used as proof that there was probable cause to initiate the criminal proceedings. The basic rule in Ohio is that, "a finding of guilty of a criminal offense by a court having jurisdiction to try and dispose of the case, even though later and finally reversed by a reviewing court, raises a conclusive presumption of probable cause and constitutes a complete defense in a later action for malicious prosecution[.]" Vesey v. Connally (1960), 112 Ohio App. 225, 228,175 N.E.2d 876; see also, Courtney v. Rice (1988), 46 Ohio App.3d 133, 136,546 N.E.2d 461. There are a few cases, including one from this Court, that have questioned whether the presumption of probable cause is absolutely conclusive when the conviction is reversed on appeal. See, e.g., Doty v. Marquis (Sept. 22, 2000), 7th Dist. No. 99 JE 9. These cases are irrelevant in the instant appeal, however, because Appellants have not proved or alleged that their convictions were reversed at any point. They have freely admitted that they pleaded no contest to the charges, that they were convicted, and that the convictions remain binding and valid. Thus, they are absolutely barred, by their own admission, from bringing a malicious prosecution action. The trial court correctly dismissed the malicious prosecution claim based on pleadings. This assignment of error is overruled. *Page 11 
 ASSIGNMENT OF ERROR NO. 2 {¶ 26} "FINDING OF VEXATIOUS IS UNCONSTITUTIONAL."
 {¶ 27} Appellant Jorge Sr. contends that the vexatious litigator statute is unconstitutional. The Ohio Supreme Court has ruled that the vexatious litigator statute is constitutional in its entirety. Mayer v.Bristow (2000), 91 Ohio St.3d 3, 740 N.E.2d 656, paragraph one of the syllabus. The one case cited by Appellant predates Mayer, and is an appellate case, rather than Ohio Supreme Court precedent. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 {¶ 28} "VEXATIOUS LITGATION [sic] FINDING WAS ERROR."
 {¶ 29} Appellant contends that Civ. R. 65(D) applies to the vexatious litigator statute. Civ. R. 65(D) states:
 {¶ 30} "(D) Form and scope of restraining order or injunction. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise."
 {¶ 31} Appellant argues that the trial court was required to set forth specific reasons for designating him as a vexatious litigator in order to comply with Civ. R. 65(D). Appellant presents no caselaw or even argument as to why he believes *Page 12 
Civ. R. 65(D) applies to a judgment entry declaring a person to be a vexatious litigator. There are no cases in Ohio that have ever applied or even mentioned Civ. R. 65(D) with respect to the vexatious litigator statute. Civ. R. 65(D) deals with injunctions. An injunction is an equitable remedy that has its own specific elements that must be proven. A party seeking an injunction must show that the injunction is necessary to prevent irreparable harm and that the party does not have an adequate remedy at law. Zavakos v. Zavakos Enterprises, Inc. (1989),63 Ohio App.3d 100, 103, 577 N.E.2d 1170. Appellees did not request an injunction or restraining order, as described in Civ. R. 65(D). Instead, they filed a statutory action pursuant to R.C. 2323.52 to have Jorge, Sr. declared a vexatious litigator. Appellees did not need to seek an injunction because they were pursuing relief at law that was provided by the vexatious litigator statute.
 {¶ 32} It is worth noting that the Ohio Supreme Court has declared persons to be vexatious litigators with no explanation at all of the circumstances or reasons to support the decision. Bikkani v. Lee,112 Ohio St.3d 1491, 2007-Ohio-724, 862 N.E.2d 117; Goyings v. Rickels,111 Ohio St.3d 1493, 2006-Ohio-6171, 857 N.E.2d 1230.
 {¶ 33} The vexatious litigator statute by its own terms clearly indicates that it provides a form of declaratory judgment, and that certain consequences flow from the trial court's declaration that a person is a vexatious litigator. Once the finding is made that a person is a vexatious litigator, the statute gives the court a limited *Page 13 
number of options as to the type of order that may be issued. R.C. 2323.52(D)(1) states:
 {¶ 34} "(D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
 {¶ 35} "(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
 {¶ 36} "(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
 {¶ 37} "(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section."
 {¶ 38} A civil action under the statute does not provide equitable injunctive relief, but rather, constitutes a specific statutory and legal action with statutorily prescribed remedies. Civ. R. 65(D) does not apply to such a declaration, and Appellant's assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 4 {¶ 39} "EVIDENCE DOES NOT SUPPORT FINDING OF VEXATIOUS." *Page 14 
 {¶ 40} Appellant argues that he could not be declared a vexatious litigator if the various complaints, motions, and filings had some basis in law. One of the reasons a person is declared to be a vexatious litigator is that their conduct is not warranted under existing law. R.C. 2323.52(A)(2)(b). Appellant fails to recognize, however, an additional basis for the trial court to declare vexatious litigator status is where the court finds that, "[t]he conduct obviously serves merely to harass or maliciously injure another party to the civil action." R.C. 2323.52(A)(2)(a). We note that the vexatious litigator designation may be based on conduct in a single civil action, although in this case, Appellees did present evidence that Jorge, Sr. initiated multiple frivolous civil suits in Jefferson County. Farley v.Farley, 10th Dist. No. 02AP-1046, 2003-Ohio-3185, ¶ 48; R.C. 2323.52(A)(3).
 {¶ 41} The record reflects that Jorge, Sr. was openly telling people that he was going to file lawsuits against JoAnn Frye simply to harass her and to cause her financial harm. Appellant's animosity toward JoAnn and Gwendolyn is well-documented in the record. Since Appellees proved that Jorge, Sr. intended to use the legal system to harass and maliciously harm them, the trial court was not required to consider whether Jorge, Sr.'s filings were warranted under existing law. The record fully supports that Jorge Sr. "has habitually, persistently, and without reasonable grounds engaged in vexatious conduct" as defined by the statute. R.C. 2323.52(A)(3). This assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 5 {¶ 42} "AWARDING APPELLEES [sic] ATTORNEY FEES WAS IN ERROR." *Page 15 
 {¶ 43} Appellants argue that the trial court refused to allow them to present their case for malicious prosecution, and that attorney fees should not be awarded in such a situation. The record contains transcripts from eleven hearings that were conducted in this matter. It appears that Appellants were given the opportunity to present their case at every hearing, and to present evidence at evidentiary hearings, even though the claims were dismissed on the pleadings just a few weeks after it was filed. From the very beginning of their lawsuit, Appellants relied on a theory that their convictions were irrelevant because they were based on no contest pleas, when in fact, those convictions were fatal to their claims. Appellants cited (and continue to cite) inappropriate law from foreign jurisdictions, revealing that they did not understand the excerpts of the cases that they were citing. They cited the same erroneous propositions during one hearing after another. On appeal, Appellants maintain the same position they took throughout the trial court proceedings, still not accepting the very simple point that their criminal convictions did not terminate in their favor, and thus, they cannot maintain a claim of malicious prosecution in Ohio.
 {¶ 44} The award of attorney fees as a sanction for frivolous conduct is clearly permitted by statute, R.C. 2323.51, and is reviewed for abuse of discretion. Stohlmann v. Hall, 158 Ohio App.3d 499, 2004-Ohio-5219,817 N.E.2d 118, ¶ 13. Appellants have not explained how the court abused its discretion, other than to falsely accuse the judge of prohibiting them from presenting their case. The record reflects that Appellants were permitted to present their case many times over. Their claims were found to be fundamentally and fatally flawed, and the complaint was *Page 16 
dismissed. Appellants continued to raise and attempt to relitigate the same flawed argument in one hearing after another, and Appellees were forced to defend themselves each time. The court did not abuse its discretion in awarding attorney fees in this case, and this assignment of error is overruled.
 {¶ 45} None of Appellants' assignments of error have merit, and the trial court judgments are affirmed.
Vukovich, J., concurs.
DeGenaro, P.J., concurs in part and dissents in part; see concurring in part and dissenting in part opinion. *Page 17