THE STATE EX REL. PEEPLES, APPELLANT, *v.* ANDERSON, WARDEN.

[Cite as *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559.]

(No. 95–525—Submitted June 6, 1995—Decided August 30, 1995.)

*Kavin Lee Peeples, pro se.*

*Per Curiam.* In his first proposition of law, Peeples contends that federal constitutional rights to due process and prohibiting cruel and unusual punishment require prison officials to provide prisoners with medical tests which are reasonable and necessary for the diagnosis of infectious diseases where there is evidence of possible transmission during a prison altercation.

While *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is proper where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. See *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801, citing *Baker v. Dir., U.S. Parole Comm.* (C.A.D.C.1990), 916 F.2d 725, and *English v. Cowell* (C.A.7, 1993), 10 F.3d 434.

The court of appeals dismissed Peeples's mandamus action on the sole basis that his complaint requested no relief. The court's rationale was erroneous because Peeples's complaint manifestly requested a writ of mandamus compelling Warden Anderson to order specific acts, including periodic testing of Peeples for HIV.

However, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150, 154. A writ of mandamus will not be issued where there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. A civil rights action under Section 1983, Title 42, U.S.Code constitutes an adequate legal remedy which precludes extraordinary relief where state prisoners challenge the conditions of their confinement and their claims are limited to alleged violation of their federal constitutional and statutory rights. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91–92, 637 N.E.2d 306, 309. Section 1983 constitutes an adequate remedy, since it can provide declaratory, injunctive (both mandatory and prohibitive), and/or monetary relief. 1 Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees (2 Ed.1991) 830, Section 16.1.

Peeples challenged the conditions of his confinement. He did not assert any violation of state law in his complaint. In addition, Peeples claims only a deprivation of his federal constitutional rights now on appeal. Further, Peeples has evidently already filed a complaint against the state and the Ohio Department of Rehabilitation and Correction in federal district court concerning related matters. Therefore, since Peeples obviously could not prevail on the facts alleged in his complaint given the availability of a Section 1983 action, the court of appeals did not err in *sua sponte* dismissing the action. The first proposition is overruled.

Peeples asserts in his second proposition of law that the court of appeals violated his federal constitutional right of access to courts by assessing him $30 in costs for filing his complaint and barring him from filing another writ of mandamus in that court until he paid that amount. Peeples claims that he is indigent. However, the record does not indicate that the court of appeals ever ordered Peeples to pay the costs of the dismissed action, and there is also no evidence that the court of appeals prohibited him from filing another complaint. Since the record does not support Peeples's allegations, his second proposition is meritless.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

PFEIFER, J., dissenting. I would grant Peeples's writ of mandamus to compel the warden to periodically test Peeples for HIV. Peeples should not be forced to undergo a time-consuming and tortuous trip through the federal courts before learning whether he has been infected. Prison staff and fellow inmates are other people who need Peeples to be tested. Since time is of the essence, any remedy at law is inadequate. Peeples's request is legitimate, inexpensive, and not burdensome on the state.

WRIGHT, J., concurs in the foregoing dissenting opinion.