[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 559.]

THE STATE EX REL. PEEPLES, APPELLANT, *v*. ANDERSON, WARDEN.

[Cite as *State ex rel. Peeples v. Anderson*, 1995-Ohio-335.]

*Mandamus to compel warden of correctional institution to order specific acts, including periodic testing of relator for HIV—Writ denied, when.*

(No. 95-525—Submitted June 6, 1995—Decided August 30, 1995.)

APPEAL from the Court of Appeals for Richland County, No. 95 CA 4.

_____

{¶ 1} On February 8, 1995, appellant, Kavin Lee Peeples, an inmate at Mansfield Correctional Institution ("MCI"), filed a complaint in the Court of Appeals for Richland County seeking a writ of mandamus against appellee, Warden Carl Anderson. According to Peeples's complaint, he was attacked by another inmate whom prison guards had failed to restrain. As a result of the attack, Peeples was exposed to the inmate's blood. The other inmate had tested positive for the human immunodeficiency virus ("HIV"). Peeples further alleged that prison officials denied his request for periodic HIV testing because he refused to make a statement that he is homosexual or had engaged in voluntary activities during which he could have contracted the virus.

{¶ 2} Peeples requested that the court of appeals grant a writ of mandamus compelling the warden to (1) periodically test Peeples for HIV, (2) monitor Peeples's health on a regular basis, (3) investigate the incident involving his attack, (4) report the incident to the "Public Health and Human Services," and (5) impose adequate safeguards to prevent violent HIV-positive inmates from infecting other inmates. On the same date that he filed his mandamus action, Peeples filed an affidavit of indigency in which he alleged that he lacked money to secure the costs and expenses of prosecuting his complaint for a writ of mandamus.

**{¶ 3}** On February 23, 1995, the court of appeals *sua sponte* dismissed Peeples's mandamus action and denied his request for funds to prosecute the cause. The court of appeals subsequently overruled Peeples's "motion to suspend cost due to indigency" on the basis that the case had already been dismissed.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

_____

*Kavin Lee Peeples, pro se.*

_____

**Per Curiam.**

**{¶ 5}** In his first proposition of law, Peeples contends that federal constitutional rights to due process and prohibiting cruel and unusual punishment require prison officials to provide prisoners with medical tests which are reasonable and necessary for the diagnosis of infectious diseases where there is evidence of possible transmission during a prison altercation.

**{¶ 6}** While *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is proper where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. See *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801, citing *Baker v. Dir., U.S. Parole Comm.* (C.A.D.C.1990), 916 F.2d 725, and *English v. Cowell* (C.A.7, 1993), 10 F.3d 434.

**{¶ 7}** The court of appeals dismissed Peeples's mandamus action on the sole basis that his complaint requested no relief. The court's rationale was erroneous because Peeples's complaint manifestly requested a writ of mandamus compelling Warden Anderson to order specific acts, including periodic testing of Peeples for HIV.

**{¶ 8}** However, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217,

222, 631 N.E.2d 150, 154. A writ of mandamus will not be issued where there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. A civil rights action under Section 1983, Title 42, U.S.Code constitutes an adequate legal remedy which precludes extraordinary relief where state prisoners challenge the conditions of their confinement and their claims are limited to alleged violation of their federal constitutional and statutory rights. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306, 309. Section 1983 constitutes an adequate remedy, since it can provide declaratory, injunctive (both mandatory and prohibitive), and/or monetary relief. 1 Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees (2 Ed.1991) 830, Section 16.1.

{¶ 9} Peeples challenged the conditions of his confinement. He did not assert any violation of state law in his complaint. In addition, Peeples claims only a deprivation of his federal constitutional rights now on appeal. Further, Peeples has evidently already filed a complaint against the state and the Ohio Department of Rehabilitation and Correction in federal district court concerning related matters. Therefore, since Peeples obviously could not prevail on the facts alleged in his complaint given the availability of a Section 1983 action, the court of appeals did not err in *sua sponte* dismissing the action. The first proposition is overruled.

{¶ 10} Peeples asserts in his second proposition of law that the court of appeals violated his federal constitutional right of access to courts by assessing him $30 in costs for filing his complaint and barring him from filing another writ of mandamus in that court until he paid that amount. Peeples claims that he is indigent. However, the record does not indicate that the court of appeals ever ordered Peeples to pay the costs of the dismissed action, and there is also no evidence that the court of appeals prohibited him from filing another complaint. Since the record does not support Peeples's allegations, his second proposition is meritless.

{¶ 11} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F. E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 12} I would grant Peeples's writ of mandamus to compel the warden to periodically test Peeples for HIV. Peeples should not be forced to undergo a time-consuming and tortuous trip through the federal courts before learning whether he has been infected. Prison staff and fellow inmates are other people who need Peeples to be tested. Since time is of the essence, any remedy at law is inadequate. Peeples's request is legitimate, inexpensive, and not burdensome on the state.

WRIGHT, J., concurs in the foregoing dissenting opinion.

_____