The STATE ex rel. TRAN

v.

CHRISTIAN et al.

[Cite as *State ex rel. Tran v. Christian* (1996), 108 Ohio App.3d 578.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70116.

Decided Jan. 29, 1996.

*Quang Ly Tran,* pro se.

*Enforcement Counsel, United States Attorney General, Immigration and Naturalization Service,* for respondent.

---

*Per Curiam.*

Relator avers that he is incarcerated at the Trumbull Correctional Institution. He also avers that, after an immigration judge found him deportable, the Board of Immigration Appeals reversed that decision and the board's decision has not been appealed. Relator further avers that he has an action pending which could result in his release.

Relator complains that respondents—Enforcement Counsel for the United States Immigration and Naturalization Service ("INS") and INS—have refused to notify the proper authorities of the state of Ohio to release a "holder" which was placed upon relator during the deportation proceedings. Relator requests that this court compel respondents to "drop the 'holder'" against relator.

For the reasons stated below, we dismiss this action *sua sponte.*

In *McClung v. Silliman* (1821), 19 U.S. (6 Wheat.) 598, 5 L.Ed. 340, the plaintiff asserted a preemptive interest in a tract of land in Ohio. The plaintiff sought a writ of mandamus against the register of the land office of the United States. After the federal court determined that "Congress has vested it with no such controlling power over the acts of the ministerial officers in the given case," *id.* at 599, 5 L.Ed. at 340, the plaintiff sought a writ of mandamus in state court. Although the Supreme Court of Ohio determined that it had jurisdiction over the register, it held against the plaintiff on the merits. *Id.* at 602, 5 L.Ed. at 341. The Supreme Court of the United States affirmed that judgment but held that "the said Supreme Court of the State of Ohio had no authority to issue a mandamus in this case." *Id.* at 605, 5 L.Ed. at 342.

Likewise, this court lacks the authority to grant relief in mandamus against respondents in this action.

"[T]here is strong authority for the proposition that, by virtue of *McClung v. Silliman* doctrine, a state court cannot entertain a mandamus proceeding to direct the action of a federal officer or agency relative to a matter committed to the officer or agency * * *." 1 Moore, Federal Practice (1978) 245, Paragraph 0.6[5].

Clearly, relator's complaint fails to state a claim upon which relief can be granted.

"While *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is proper where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. See *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801, citing *Baker v. Dir., U.S. Parole Comm.* (C.A.D.C.1990), 916 F.2d 725, and *English v. Cowell* (C.A.7, 1993), 10 F.3d 434." *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373.

In light of *McClung, supra,* relator in this case "obviously cannot prevail on the facts alleged in the complaint." *Id.*

Accordingly, relator's complaint is dismissed *sua sponte.* Relator to pay costs.

*Writ dismissed.*

DYKE, P.J., HARPER and PATTON, JJ., concur.