JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Robert Grundstein, pro se, appeals the trial court's Civ.R. 12(B)(6) dismissal of his case against defendant George Bielert. According to a copy of the contract between Wolf's and Margaret Grundstein, plaintiff's sister, plaintiff's mother had, through her daughter, consigned numerous pieces of furniture and artwork to Wolf's Fine Arts Auctioneers. Bielert was "a member of" Wolf's, as he put it in his motion to dismiss. Wolf's did business as ewolf.com, LLC, also called eWolf's Gallery, Inc. and Bielert took over its management after a corporate shakeup. The items which Grundstein's sister had consigned on behalf of their mother were sold at auction, according to the complaint, for over $7,000.
 {¶ 2} Wolf's ceased operating as a business after the auction at which the Grundstein property was sold, but before the money raised by this sale was delivered to Grundstein. Robert Grundstein initially filed this suit in his mother's name. Although an attorney, he is not admitted to practice in the state of Ohio. The suit, therefore, was dismissed without prejudice. His mother then assigned her rights under the consignment contract to him and he proceeded to refile the suit pro se in his own name against Bielert, eWolf's Gallery, Inc. and Wolf's Gallery, Inc.
 {¶ 3} Defendant Bielert filed a Civ.R. 12(B)(6) motion for "dismissal of the First Amended Complaint in its entirety, tothe extent claims are asserted against him in his individualcapacity." The trial court granted this motion with the following journal entry: DEFENDANT'S MOTION TO DISMISS IS UNOPPOSED AND GRANTED. CASE IS DWP AT PLAINTIFF'S COSTS. THIS COURT RETAINS JURISDICTION OVER ALL POST-JUDGMENT MOTIONS. FINAL.
 {¶ 4} The trial court granted the motion to dismiss as originally filed by George Bielert and then dismissed the entire case with prejudice. The two remaining defendants, eWolf's Gallery, Inc. and Wolf's Gallery, Inc., did not file any motions to dismiss on their own behalf and the trial court was without the authority to grant dismissal on their behalf and dismiss the entire underlying action. Cf. Marshall v. Aaron (1984),15 Ohio St.3d 48, 472 N.E.2d 335. We therefore reverse the judgment of the trial court which dismissed the underlying action with prejudice and remand the matter for consideration of the claims pending against eWolf's Gallery, Inc. and Wolf's Gallery, Inc.
 {¶ 5} Accordingly, the judgment of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion. Costs to parties.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Celebrezze, Jr., J., Concur.