ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The relators, Perris J. Mackey, Colleen Pirie, and the People of the American Way Foundation, have filed a complaint for a writ of mandamus. The relators seek an order from this court which prevent the respondents, J. Kenneth Blackwell, the Secretary of the State of Ohio, the Cuyahoga County Board of Elections, and Michael Vu, Director of the Cuyahoga County Board of Elections, from invalidating the "provisional ballots" that were cast in the General Election held on November 2, 2004. For the following reasons, we sua sponte dismiss the relators' complaint for a writ of mandamus.
 {¶ 2} In order for this court to issue a writ of mandamus, the relators must establish that: (1) the relators possess a clear legal right to the relief requested; (2) the respondents possess a clear legal duty to perform the requested act; and (3) the relators possess no plain and adequate remedy in the ordinary course of the law. State ex rel. Bardo v. Lyndhurst (1988),37 Ohio St.3d 106, 524 N.E.2d 447; State ex rel. WestchesterEstates, Inc. V. Bacon (1980) 61 Ohio St.2d 42, 399 N.E.2d 81;State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641. Herein, the relators essentially argue that the conduct of the respondents, by refusing to allow the "counting" of provisional ballots, constitutes a violation of: (1) R.C.3503.13; (2) "Voting Rights Act (42 U.S.C. § 1971(A)(2)(b))"; (3) the "Help America Vote Act (42 U.S.C. § 15482(A))" (4) the "Equal Protection Clause of the U.S. Constitution, Amendment Fourteen"; and (5) the "Due Process Clause of the United States Constitution, Fourteenth Amendment". The relators have failed to establish what right they possess under R.C. 3503.13 or that the respondents have violated any enumerated duty as required under R.C. 3503.13. Cf. State ex rel. Jerningham v. Cuyahoga CountyCourt of Common Pleas, 74 Ohio St.3d 278, 1996-Ohio-117,658 N.E.2d 723; State ex rel. Gantt v. Coleman (1983),6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 3} In addition, a writ of mandamus will not be issued where there exists a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; State ex rel. Hastings Mut.Ins. Co. v. Merillat (1990), 50 Ohio St.3d 152, 553 N.E.2d 646;State ex rel. Rhodes v. Van Brocklin (1988), 36 Ohio St.3d 236,522 N.E.2d 1088; State ex rel. Stanley v. Cook (1946), 146 Ohio State 348, 66 N.E.2d 207. 42 U.S.C. § 1983 provides a cause of action against any person who, while acting under color of state law, violates or abridges rights as guaranteed by the United States Constitution or laws of the United States.
The United States Court of Appeals for the Sixth Circuit, inSandusky County Democratic Party v. Blackwell, (C.A. 6, 2004),387 F.3d 565, held that:
"HAVA does not itself create a private right of action. Appellees contend that HAVA creates a federal right enforceable against state officials under 42 U.S.C. § 1983. With respect to the right to cast a provisional ballot under the circumstances described in HAVA § 302(a), we agree."
* *
"The rights-creating language of HAVA § 302(a)(2) is unambiguous. That section states that upon making the required affirmation, an `individual shall be permitted to cast a provisional ballot.' 42 U.S.C. § 15482(a)(2) (Emphasis added). This language mirrors the rights-creating language of Title VI of the Civil Rights Act of 1964 and Education Title IX of the Amendments of 1972, which both state that `no person . . . shall . . . be subjected to discrimination,' see 42 U.S.C. 2000d;20 U.S.C. 1681(a), and which both create individual rights enforceable under § 1983, see Gonzaga, 536 U.S. at 284."
Id, at 572.
 {¶ 4} The Supreme Court of Ohio has established that a Section 1983 action provides an adequate remedy at law which renders an action in mandamus unavailable in a state court proceeding. State ex rel. Carter v. Schotten,70 Ohio St. 3d 89,1994-Ohio-37,637 N.E.2d 306. See, also, State ex rel. Hoganv. Ghee, 85 Ohio St.3d 150,1999-Ohio-445,707 N.E.2d 494;State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.
(1998), 82 Ohio St.3d 37,1998-Ohio-597,693 N.E.2d 789; Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,663 N.E.2d 639; Ohio Academy of Nursing Homes, Inc. v. Barry (1990),56 Ohio St.3d 120, 564 N.E.2d 686; Johnson v. Rodriguez (C.A. 5, 1997), 110 F.3d 299. It must also be noted that an action brought pursuant to Section 1983 "* * * provides a supplement to any state remedy, and there is no general requirement that state judicial or administrative remedies be exhausted in order to commence an Section 1983 action." Schotten, supra, at 91. Finally, an action is presently pending within the United States District Court for the Southern District of Ohio, Schering v.Blackwell, Case No. 1:04-CV-755, which addresses the identical issues as presently raised by the relators through their complaint for a writ of mandamus. See Exhibit A as attached to brief captioned "J. Kenneth Blackwell's Brief Demonstrating That A § 1983 Claim Is An Adequate Remedy At Law". Thus, we find that the relators have failed to state a claim upon which relief can be granted. State ex rel. Peeples v. Anderson,73 Ohio St.3d 559, 1995-Ohio-335, 653 N.E.2d 371. See, also, State ex rel.Kimbro v. Glavas, 97 Ohio St.3d 197, 2002-Ohio-5808,777 N.E.2d 257; State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486,659 N.E.2d 1279; State ex rel. Cossett v. Executive StateGovernors Federalism Summit (1995), 74 Ohio St.3d 1416,655 N.E.2d 737.
 {¶ 5} Accordingly, we sua sponte dismiss the relators' complaint for a writ of mandamus. Costs to relators. Clerk of the Eighth District Court of Appeals to serve notice of this judgment upon all parties as provided by Civ.R. 58(B).
Dismissed.
Blackmon, J., concurs Gallagher, J., concurs in Judgment onlyin part and dissents in part.