ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner's Request for Leave to Proceed is denied.
 {¶ 2} In one of the underlying cases, Grundstein v. Ewolf'sCorp., Cuyahoga County Common Pleas Court Case No. CV-513849 (hereinafter "Case I"), Respondent Judge Lillian Greene found petitioner Robert Grundstein to be a vexatious litigator pursuant to R.C. 2323.52. As required by subsection (F)(2), Grundstein seeks leave to commence a prohibition and mandamus action against Judge Greene. He claims that because a defendant in Case I sought the declaration of vexatious litigator through a motion, as compared to a new complaint or a counterclaim, Judge Greene did not have personal jurisdiction over him to find him a vexatious litigator. Grundstein seeks a mandamus to compel Judge Greene to adjudicate Case I because he had a legitimate claim and to reinstate Grundstein v. Wolf's Gallery, Inc., Cuyahoga County Common Pleas Court Case No. CV-572848 (hereinafter "Case II"). Judge Greene dismissed Case II because Grundstein had not sought leave to continue Case II after she had declared him a vexatious litigator. Grundstein maintains that this dismissal was improper because there was no notice as required by Civ.R. 41(B)(1).
 {¶ 3} In Case I on June 22, 2005, a defendant moved to declare Grundstein a vexatious litigator. On July 22, 2005, Judge Greene dismissed Case I but retained jurisdiction to rule on the vexatious litigator motion. Grundstein timely appealed the dismissal in Grundstein v. Ewolf's Corp., Cuyahoga App. No. 86872. Judge Greene found Grundstein to be a vexatious litigator on October 12, 2005. On November 17, 2005, Grundstein appealed that ruling to this court, which dismissed the appeal as untimely pursuant to App.R. 4. Grundstein v. Ewolf's Corp. (Nov. 21, 2005), Cuyahoga App. No. 87313. Subsequently, this court dismissed the first appeal, because Grundstein did not comply with the requirement under the vexatious litigator statute to seek leave to continue the proceedings after he had been found to be a vexatious litigator.
 {¶ 4} R.C. 2323.52(F)(2) provides in pertinent part that the court of appeals shall not grant a vexatious litigator leave to institute "legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application." In the present case, his claims are not well taken.
 {¶ 5} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher
(1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesherv. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v.City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v.Juvenile Court of Darke Cty. (1950), 153 Ohio St. 64, 65,90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. TuscarawasCty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 273; Reiss v. Columbus Mun. Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v.Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School Dist.Bd. of Edn. v. Portage Cty. Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v.Trumbull Cty. Court, 64 Ohio St.3d 502, 1992-Ohio-116,597 N.E.2d 116.
 {¶ 6} Grundstein thought he had an adequate remedy at law, because he filed an appeal, which was dismissed as untimely. Consequently, he now argues that Judge Greene was patently and unambiguously without jurisdiction in an effort to preserve his case. Grundstein concedes that Judge Greene had subject matter jurisdiction, but argues that she lost personal jurisdiction over him because the vexatious litigator claim was commenced by a motion and not a complaint or counterclaim. However, Grundstein submitted to the jurisdiction of the common pleas court by commencing Case I. The cases Grundstein cites are not helpful to his cause. They fail to establish that a motion to declare a person a vexatious litigator in a pending case is so improper as to deprive the trial court of jurisdiction. Absent such a showing, Judge Greene had sufficient jurisdiction to determine her own jurisdiction. An appeal, which Grundstein attempted, was the proper remedy, and prohibition does not lie.
 {¶ 7} Similarly, Grundstein's mandamus claims are ill-founded. For Case I, he argues that the July 22, 2005 dismissal was improper because it violated this court's earlier mandate in Grundstein v. Ewolf's Corp., Cuyahoga App. No. 84149, 2004-Ohio-4761. However, when Grundstein appealed that dismissal, this court ruled: "In any event, we can find no basis for reversing the trial court's July 22, 2005 entry." Grundsteinv. Ewolf's Corp., Cuyahoga App. No. 86872, 2006-Ohio-1600 at ¶18. This court then noted that the trial court was correct in ruling that service was not perfected on the remaining defendants and therefore the matter was subject to dismissal.
 {¶ 8} For Case II, he argues that dismissal without notice was improper, and this court should issue a writ of mandamus to reinstate the case. Again, appeal is or was the proper remedy. Moreover, in Mayer v. Bristow, 91 Ohio St.3d 3, 16,2000-Ohio-109, 740 N.E.2d 656, the Supreme Court of Ohio ruled: "Regardless of R.C. 2323.52, `sua sponte dismissal without notice is appropriate where the complaint is frivolous.' Stateex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 161,656 N.E.2d 1288, 1292."
 {¶ 9} Accordingly, this court denies Grundstein's motion for leave to proceed under R.C. 2323.52 and dismisses this action. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Karpinski, J., Concurs.
 McMonagle, J., Concurs.