MEMORANDUM OPINION
{¶ 1} On April 28, 2006, appellant/cross-appellee, Wickliffe City School District, filed its notices of appeal from the March 28, 2006 judgment entry of the Lake County Court of Common Pleas, Juvenile Division. Thus, the notices of appeal were filed thirty-one days after the judgment had been issued by the trial court. Appellant/cross-appellee's notices of appeal were due on Thursday, April 27, 2006, which was not a holiday or a weekend.
 {¶ 2} App.R. 4(A) states that:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 5} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and the Notice of Appeal is deemed to be filed out ofrule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in thesua sponte dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)
 {¶ 6} Here, appellant/cross-appellee has not complied with the thirty-day rule set forth in App.R. 4(A) nor has it alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel.Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60; App.R. 14(B).
 {¶ 7} In addition, appellee/cross-appellant, Painesville City Local Schools Board of Education, filed its cross-appeal late. Pursuant to App.R. 4(B)(1), a cross-appeal is due within the time allowed by App.R. 4(A) if a timely appeal has been filed. If a timely appeal has not been filed, as in the instant matter, the cross-appeal is due within ten days of the filing of the first appeal. In the case at bar, that would have been May 8, 2006. However, the cross-appeal was filed on May 10, 2006.
 {¶ 8} Accordingly, these appeals and cross-appeals are dismissed sua sponte pursuant to App. R. 4(A) and App.R. 4(B)(1).
O'Neill, J., O'Toole, J., concur.