OPINION
{¶ 1} Appellants, Larry D. Lomaz and Pacific Financial Services, Inc., appeal from the judgment of the Portage County Court of Common Pleas denying their motion for relief from judgment, pursuant to Civ.R. 60(B). Being without jurisdiction, we dismiss the appeal, sua sponte.
 {¶ 2} This appeal arises from an action for foreclosure based on a judgment lien and mortgage filed by appellee, The Huntington National Bank, October 22, 2001, against a certain property in Portage County, Ohio. Mr. Lomaz and Pacific Financial (a corporation controlled by him) were named as defendants in that action, and have vigorously opposed the foreclosure. Finally, May 17, 2005, the trial court issued its decree of foreclosure. A sheriff's sale was scheduled for September 12, 2005.
 {¶ 3} September 2, 2005, Mr. Lomaz and Pacific Financial filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4). Hearing was held September 8, 2005, the trial court denying the motion that day. September 9, 2005, this appeal was filed, along with a motion for emergency stay of the sheriff's sale, which this court granted. Following status conference, this court granted, by a judgment entry dated September 21, 2005, a stay of the sheriff's sale during the pendency of the appeal.
 {¶ 4} April 4, 2005, the United States District Court for the Northern District of Ohio, Eastern Division, speaking through Judge Gaughan, issued an order finding Mr. Lomaz to be a "vexatious litigator." As defined by R.C. 2323.52(A)(3), a "`[v]exatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court * * * [.]"
 {¶ 5} The Northern District's order requires Mr. Lomaz, any business entity controlled by him — including Pacific Financial — whether acting either pro se or through counsel, to obtain leave of that court before (amongst many other things) instituting actions in any Ohio court of appeals.
 {¶ 6} Huntington brought the Northern District's order to the attention of this court immediately upon the filing of the motion to stay the sheriff's sale. In our September 21, 2005 entry granting that motion, we found as follows:
 {¶ 7} "[u]nder its third argument, Appellee argues that this Court should not render a final decision on the stay motion because: (1) a federal district court has found Appellant Lomaz to be a vexatious litigator under R.C. 2323.52; and (2) Appellant Lomaz did not seek the federal court's permission to bring this appeal prior to its filing. However, we would indicate that, pursuant to R.C. 2323.52(D)(3), an Ohio court of appeals has the independent authority to grant a vexatious litigator leave to appeal * * *. In this case, although Appellant Lomaz has not yetmoved this Court for leave to maintain this appeal, we would note that the Portage County trial court concluded that the Civ.R. 60(B) motion had sufficient merit to allow it to be submitted. Thus, since it is likely that leave to appeal will begranted in this matter, we hold that the merits of the stay are properly before us at this time." (Emphasis added.)
 {¶ 8} R.C. 2323.52(D)(3) provides, in pertinent part:
 {¶ 9} "[a] person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, * * * or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, * * * without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." (Emphasis added.)
 {¶ 10} R.C. 2323.52(F)(2) provides, in pertinent part:
 {¶ 11} "[a] person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. * * *" (Emphasis added.)
 {¶ 12} R.C. 2323.52(I) provides, in pertinent part:
 {¶ 13} "[w]henever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator * * * has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate * * * court of appeals * * * the court * * * shall
dismiss the proceedings or application of the vexatious litigator." (Emphasis added.)
 {¶ 14} The use of the word "shall" in R.C. 2323.52(F) and (I) indicates that those statutory sections, requiring a vexatious litigator to obtain leave of a court of appeals to maintain any proceedings therein, and requiring the court to dismiss any non-compliant proceeding, are mandatory. State ex rel. Botkinsv. Law, 69 Ohio St.3d 383, 385, 1994-Ohio-518. Our judgment entry of September 21, 2005, granting the motion to stay the sheriff's sale, clearly indicated that Mr. Lomaz and Pacific Financial were required to file a proper application for leave to proceed pursuant to R.C 2323.52 (D)(3) and (F)(2). It is now some ten months later, and application has never been made.
 {¶ 15} An application for leave to proceed filed by a vexatious litigator in a court of appeals tolls, until the court grants or denies the application, "* * * an applicable period of limitations within which the legal proceedings or application generally must be instituted or made." R.C. 2323.52(F)(2). Generally, the filing of the notice of appeal required by App.R. 3(A), within the thirty-day time period set forth at App.R. 4(A), is sufficient to invoke an appellate court's jurisdiction. However, R.C. 2323.52(D)(3) and (F)(2) further require a vexatious litigator to make application to the court for leave to proceed in order to institute an appeal. Mr. Lomaz and Pacific Financial, despite the warning in our September 21, 2005 entry that application was required, have never complied. Thus, the thirty-day time period for invoking this court's jurisdiction, App.R. 4(A), never tolled. It commenced running September 9, 2005, the day after the trial court denied the Civ.R. 60(B)(4) motion of appellants. It closed Monday, October 10, 2005, the thirty-second day following the trial court's entry of judgment, the thirtieth day having been a Saturday.
 {¶ 16} The thirty-day time requirement of App.R. 4(A) is jurisdictional. In re Taylor, 11th Dist. Nos. 2006-L-076 and 2006-L-077, 2006-Ohio-2936, at ¶ 6. Mr. Lomaz and Pacific Financial have failed to meet it.
 {¶ 17} The appeal is dismissed. The stay of execution of the sale of the land subject of this matter, filed by this court September 21, 2005, is lifted. The Portage County Clerk of Courts is ordered to pay to appellee, The Huntington National Bank, the full amount of the supersedeas bond posted by appellants, Larry D. Lomaz and Pacific Financial Services, Inc., in this matter, including any interest accrued.
Rice, J., concurs, Grendell, J., concurs in judgment only.