JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Pamela Ghaster has filed a petition for a writ of habeas corpus. Ghaster argues that the provision of a "protection order to protect a victim of menacing by stalking," as issued by Judge Donna Congeni Fitzsimmons in the Rocky River Municipal Court, is excessive with regard to the requirement that she stay 1500' from the protected person at all times. For the following reasons, we sua sponte dismiss Ghaster's petition for a writ of habeas corpus.
 {¶ 2} Initially, we find that Ghaster has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the petition be supported by a sworn affidavit that specifies the details of the claim and that the fact's in the petition were based on the affiant's personal knowledge..Turner v. Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490; Jarrett v.Cuyahoga Cty. Common Pleas Court, Cuyahoga App. No. 87232,2006-Ohio-2220. See, also, State ex rel. Esarco v. Youngstown CityCouncil, __ Ohio St.3d __, 2007-Ohio-5699, __ N.E.2d __.
 {¶ 3} In addition, Ghaster must demonstrate the extraordinary circumstances entitling her to relief in habeas corpus. State ex rel.Wilcox v. Seider, 76 Ohio St.3d 412, 1996-Ohio-390, 667 N.E.2d 1220. Unsupported facts and conclusions, as contained within the petition for a writ of habeas corpus, may not be considered by this court and are insufficient to withstand dismissal. State ex rel. Carrion v. Ohio AdultParole Auth., 80 Ohio St.3d 637, 1998-Ohio-656, 687 N.E.2d 750. Herein, Ghaster has failed to demonstrate the existence of any order, which requires that *Page 4 
she remain at a distance of 1500' feet from the protected person. The protection order, as journalized on October 2, 2007, merely provides that Ghaster "shall not be present within 500 yards of any protected persons, * * *." Chari v. Vore, 91 Ohio St.3d 323, 2001-Ohio-49,744 N.E.2d 763. See, also, Cornell v. Schotten, 69 Ohio St.3d 466,1994-Ohio-74, 633 N.E.2d 1111; Bloss v. Rogers (1992),65 Ohio St.3d 145, 602 N.E.2d 602.
 {¶ 4} Finally, we find that Ghaster possessed a clear and adequate remedy at law, which prevents this court from issuing a writ of habeas corpus. The protection order, which forms the basis of the provision that Ghaster "stay away" from the protected person, was issued in accordance with R.C. 2903.213 and R.C. 2903.214. Pursuant to R.C.2903.214(G), Ghaster possessed the right to an immediate appeal from the protection order. In addition, Ghaster's failure to timely pursue an appeal does not render the remedy inadequate. Jackson v. Wilson,100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086; Daniel v. State,98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891. We find that Ghaster has failed to state a claim upon which relief can be granted. See Civ.R. 12(B)(6); State ex rel. Peeples v. Anderson, 73 Ohio St.3d 559,1995-Ohio-335, 653 N.E.2d 371.
 {¶ 5} Accordingly, we sua sponte dismiss Ghaster's petition for a writ of habeas corpus. Costs to Ghaster. It is further ordered that the Clerk of Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B). *Page 5 
Petition dismissed.
 Anthony O. Calabrese, Jr., J., and Patricia A. Blackmon, J., concur. *Page 1