JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Terry Metzenbaum, the relator and a "vexatious litigator," as declared by the Cuyahoga County Court of Common Pleas, has filed "an application for leave to proceed" in order to file a complaint for a writ of mandamus. Metzenbaum, through his complaint for a writ of mandamus, seeks an order from this court, which requires Henry Guzman, the Director of the Ohio Dept. of Public Safety, to renew his Ohio driver's license. Apparently, Metzenbaum's request to renew his Ohio driver's license was rejected on the basis that he failed the mandatory vision test. For the following reasons, we deny the "application for leave to proceed" and dismiss the complaint for a writ of mandamus.
 {¶ 2} On July 13, 2004, Judge Ronald Suster, in Eastside LandscapingInc. v. Terry Shane Metzenbaum, et al., Cuyahoga County Court of Common Pleas Case No. CV-04-520687, declared Metzenbaum a vexatious litigator pursuant to R.C. 2323.52. Having been declared a vexatious litigator, Metzenbaum must seek leave to proceed from this court vis-a-vis his complaint for a writ of mandamus. R.C. 2323.52(F)(2), provides that: "A person who is subject to an order entered pursuant to division (D)(1) of this section [that is, has been found to be a vexatious litigator] and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal *Page 4 
proceedings would be instituted or are pending. The court of appealsshall not grant a person found to be a vexatious litigator leave for theinstitution or continuance of, or the making of an application in, legalproceedings in the court of appeals unless the court of appeals issatisfied that the proceedings or application are not an abuse ofprocess of the court and that there are reasonable grounds for theproceedings or application." (Emphasis added.) In the case sub judice, Metzenbaum has failed to demonstrate that his complaint for a writ of mandamus does not constitute an abuse of process and that there exists reasonable grounds for the filing of a complaint for a writ of mandamus. Metzenbaum, through the application for leave, simply recites the facts that led to the denial of the renewal of his Ohio driver's license. Thus, we decline to grant Metzenbaum leave to file a complaint for a writ of mandamus. Grundstein v. Greene, Cuyahoga App. No. 87623,2006-Ohio-2205; Huntington National Bank v. Lomaz, Portage App. No. 2005-P-0075, 2006-Ohio-3880.
 {¶ 3} Notwithstanding the fact that we have denied the application for leave to proceed, a procedural and substantive review of Metzenbaum's complaint fails to disclose that he is entitled to a writ of mandamus. Initially, we find that Metzenbaum's complaint for a writ of mandamus is defective, since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Metzenbaum to properly caption his complaint for a writ of mandamus warrants dismissal. Maloney v.Court *Page 5 of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270;Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 4} In addition, Metzenbaum has failed to comply with Loc.App.R. 45 (B)(1)(a), which mandates that the complaint be supported by an affidavit, which specifies the details of the claim. The failure of Metzenbaum to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 5} Finally, Metzenbaum has failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Metzenbaum must demonstrate each prong of the following three-part test: (1) Metzenbaum possesses a legal right which requires the renewal of his Ohio driver's license; (2) Guzman possesses a legal duty, which requires him to renew Metzenbaum's Ohio driver's license; and (3) Metzenbaum possesses no other adequate remedy in the ordinary course of the law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E. 914. It must also be noted that mandamus is not a substitute for an appeal and will not issue in doubtful cases. State exrel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119;State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, *Page 6 295 N.E.2d 659; State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1.
 {¶ 6} Herein, Metzenbaum has failed to establish each prong of the aforesaid three-part test. Specifically, Metzenbaum has failed to establish that he is entitled to a renewal of his Ohio driver's license, that Henry Guzman possesses a legal duty to renew Metzenbaum's Ohio driver's license, and that no other adequate remedy exists in the ordinary course of the law. In fact, Metzenbaum's argument is simply premised upon the naked claim that he is entitled to a renewal of his Ohio driver's license. Thus, Metzenbaum fails to state a claim upon which relief can be granted. State ex rel. Peeples v. Anderson,73 Ohio St.3d 559, 1995-Ohio-335, 653 N.E.2d 371. {¶ 7} Accordingly, we deny Metzenbaum's application for leave to proceed under R.C. 2323.52(F)(2) and dismiss his complaint for a writ of mandamus. Costs to Metzenbaum. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
JAMES J. SWEENEY, PRESIDING JUDGE
 ANTHONY O. CALABRESE, JR., J. and MELODY J. STEWART, J., CONCUR *Page 1