[Cite as *Patrick-Bey v. Cleveland Muni. Court*, 2014-Ohio-1249.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100974**

## CLIFFORD PATRICK-BEY

RELATOR

vs.

## CLEVELAND MUNICIPAL COURT

RESPONDENT

**JUDGMENT:**
DISMISSED

Writ of Mandamus
Order No. 472891

**RELEASE DATE:** March 24, 2014

**FOR RELATOR**

Clifford Patrick-Bey, Etc., pro se
13413 Ashburton Road
Cleveland, Ohio 44110


**ATTORNEYS FOR RESPONDENT**

Barbara A. Langhenry
Law Director
City of Cleveland

BY:    Jonathan P. Barra
Assistant Law Director
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

EILEEN T. GALLAGHER, J.:

{¶1} Clifford Patrick-Bey has filed a complaint for a writ of mandamus. Patrick-Bey seeks a writ of mandamus in order to compel the Cleveland Municipal Court to "enforce the [d]efault [j]udgment filed on August 26, 2013, as the [w]rit of discovery submitted was not honored." Sua sponte, we dismiss the complaint for a writ of mandamus because it is procedurally defective and fails to state a claim upon which relief can be granted.

{¶2} Initially, we find that the complaint for a writ of mandamus is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Patrick-Bey to properly caption his complaint warrants dismissal. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382; *Maloney v. Allen Cty. Court of Common Pleas*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶3} Patrick-Bey has also failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint must be supported by an affidavit that specifies the details of the claim. The failure of Patrick-Bey to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) warrants dismissal of the complaint for a writ of mandamus. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324.

{¶4} Finally, Patrick-Bey fails to state a claim upon which relief can be granted because he obviously cannot prevail on the facts alleged in the complaint. Mandamus may be employed to compel a court to exercise judgment or discharge a function. Mandamus may not be employed to control judicial discretion, such as ordering a court to grant a default judgment, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for an appeal. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967). The failure to state a claim, upon which relief can be granted, warrants a sua sponte dismissal of the complaint for a writ of mandamus. *State ex rel. Peeples v. Anderson*, 73 Ohio St.3d 559, 1995-Ohio-335, 653 N.E.2d 371.

{¶5} Accordingly, we sua sponte dismiss the complaint for a writ of mandamus. Costs to Patrick-Bey. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Complaint dismissed.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR