[Cite as *State ex rel. Bey v. Shelton*, 2020-Ohio-242.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. VINCENT EL ALAN PARKER BEY, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2019-T-0057** |
| | : | |
| - vs - | : | |
| | : | |
| IRENE SHELTON, POSTMASTER GENERAL, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Vincent El Alan Parker Bey*, pro se, PID# A310-623, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Relator).

*Irene Shelton*, pro se, 3825 West Market Street, Warren, OH 44481 (Respondent).

PER CURIAM

{¶1} On November 26, 2019, this court issued a Judgment Entry ordering relator, Vincent El Alan Parker Bey, "to submit a brief as to why this action should not be dismissed for failure to state a claim upon which relief may be granted." Bey seeks a Writ of Mandamus directing the Postmaster General for the United States Post Office in Leavittsburg, Ohio to comply with a records request made pursuant to R.C. 149.43(B)(3). This court noted that, as an officer of an executive agency, the postmaster general enjoyed the protections of sovereign immunity and that, in general,

a federal officer is not subject to mandamus pursuant to state law.

{¶2} In response, Bey filed a Merit Brief on December 23, 2019. Bey argues that the respondent is in default and has, therefore, waived any affirmative defenses regarding this court's jurisdiction.

{¶3} The respondent's purported default, however, does not allow Bey to avoid the jurisdictional defect. As noted in the earlier entry, "there is strong authority for the proposition that * * * a state court cannot entertain a mandamus proceeding to direct the action of a federal officer or agency relative to a matter committed to the officer or agency * * *." (Citation omitted.) *State ex rel. Tran v. Christian*, 108 Ohio App.3d 578, 579, 671 N.E.2d 337 (8th Dist.1996). Jurisdictional defects of this nature "cannot be waived." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶4} Having failed to demonstrate to the satisfaction of this court that he has stated a claim upon which relief may be granted, the pending mandamus action is dismissed.

CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.