[Cite as *State ex rel. Davis v. Gallagher*, 2022-Ohio-129.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE EX REL. CORTEZ DAVIS,            :

    Relator,            :

                  No. 111179

    v.            :

HOLLIE L. GALLAGHER,            :

    Respondent.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** January 14, 2022

---

Writ for Procedendo / Mandamus
Order No. 551862

---

***Appearances:***

Cortez Davis, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, *for respondent.*

MARY J. BOYLE, J.:

{¶ 1} Cortez Davis has filed a complaint for a writ of procedendo/mandamus. Davis seeks an order from this court that requires Judge Hollie Gallagher to render rulings with regard to motions pending in *State v. Davis*, Cuyahoga C.P. No. CR-19-640878-A. Specifically, Davis seeks rulings with regard

to various pro se motions for 1) full and fair hearing; 2) immediate discharge/release for lack of subject matter jurisdiction; 3) immediate release/discharge for illegal and unlawful custody; 4) dismissal of all charges for lack of speedy trial; and 5) release/discharge from illegal and unlawful involuntary confinement.  For the following reasons, we sua sponte dismiss Davis's complaint for procedendo/mandamus.

{¶ 2}  The Supreme Court of Ohio has expressly held that a dismissal, pursuant to Civ.R. 12(B)(6), can be made sua sponte and without notice if the petition is frivolous or it is obvious that the allegations are not legally sufficient. *State ex rel. Scott v. Cleveland*, 112 Ohio St. 3d 324, 2006-Ohio-6573, 859 N.E.2d 923.

{¶ 3}  In the underlying criminal case, CR-19-640878-A, Davis possesses the right to counsel or the right to act pro se.  However, Davis does not possess the right to both representation by counsel and pro se representation simultaneously, or "hybrid representation." *See State v. Thompson*, 33 Ohio St.3d 1, 514 N.E.2d 407 (1987); *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139.  The right to act pro se and the right to counsel are totally independent of each other and may not be simultaneously asserted. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227.

{¶ 4}  When a criminal defendant is represented by counsel, a trial court is prohibited from entertaining a pro se motion that is filed by the defendant. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531.

Moreover, when a criminal defendant is represented by counsel and counsel does not join the defendant's pro se motion, the trial court is prohibited from considering the defendant's pro se motions. *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313; *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611; *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039.

{¶ 5} Because a trial court is not permitted to entertain a pro se motion, when the defendant is represented by counsel and counsel does not join in the pro se motion, there exists no duty on the part of the trial court to render any ruling with regard to a pro se motion. *State v. Powell*, 8th Dist. Cuyahoga No. 107290, 2019-Ohio-346. Herein, Davis is represented by counsel in Cuyahoga C.P. No. CR-19-640878-A. See judgment entry journalized on June 20, 2019, wherein Attorney Donald Butler was assigned to represent Davis. In addition, Davis fails to allege or demonstrate that counsel participated or joined in the pro se motions. Thus, Judge Gallagher possesses no duty to consider any of the pro se motions filed by Davis and the complaint for procedendo/mandamus fails to state a claim upon which relief can be granted. *State ex rel. Cossett v. Executive State Governors Federalism Summit*, 74 Ohio St.3d 1416, 655 N.E.2d 737 (1995); *State ex rel. Peeples v. Anderson*, 73 Ohio St.3d 559, 653 N.E.2d 371 (1995*); State ex rel. Slater v. Gallagher*, 8th Dist. Cuyahoga No. 106974, 2018-Ohio-1742. It must also be noted that Judge Shannon

M. Gallagher, on April 12, 2021, granted a motion to strike all previously filed pro se motions.[1]

**{¶ 6}** Accordingly, we sua sponte dismiss Davis's complaint for procedendo/mandamus. Costs to Davis. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 7}** Complaint dismissed.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR

---

[1] On August 5, 2021, Judge Brendan J. Sheehan, Cuyahoga Common Pleas Administrative Judge, transferred the criminal case from Judge Shannon Gallagher to Judge Hollie Gallagher: "Captioned case being originally assigned to Judge Shannon M Gallagher (366) and for good cause shown, this matter is hereby reassigned and transferred to the docket of Judge Hollie L Gallagher (352) for further proceedings according to law."