**[Cite as *Baldwin-Nazarene v. Wyoming Tax Dept.*, 2022-Ohio-1196.]**

| | |
|---|---|
| DIGNITARY ROYAL PUBLIC OFFICIAL, MRS. YVETTE BARBARA BALDWIN-NAZARENE | Case No. 2022-00076PQ |
| | Judge Patrick E. Sheeran |
| Requester | JUDGMENT ENTRY |
| v. | |
| CITY OF WYOMING TAX DEPT, POLICE DEPT, AND CITY COUNCIL | |
| Respondent | |

{¶1} On February 18, 2022, a Special Master recommended dismissal of Requester's Complaint under R.C. 2323.52(I), after the Court "learned that on June 24, 2014, the Hamilton County Common Pleas Court issued an order declaring Yvette Barbara Baldwin a vexatious litigator pursuant to RC. 2323.52 and directing that she may not institute or continue any legal proceedings in listed Ohio courts including the court of claims, other than an application for leave to proceed pursuant to R.C. 2323.52(F)(1)." (Footnote omitted.) (Recommendation For Dismissal, 1.) The Special Master's recommendation is accompanied by a copy of the Hamilton County Common Pleas Court's order.[1]

---

[1] In a footnote, the Special Master stated:

This order is found in respondent's S.Ct.Prac.R. 4.03(B) motion to declare Baldwin a vexatious litigator in *Baldwin-Nazarene v. Fifth Third Bank Corporate Headquarters*, Ohio Supreme Court Case No. 2018-1273 (https://www.supremecourt.ohio.gov/pdf_viewer/pdf_viewer.aspx?pdf=853797.pdf, Accessed Feb. 17, 2022.) The motion was granted in Case No. 2018, as well as Case Nos. 2018-1278 and 2018-1362. See 11/20/2018 Case Announcements, 2018-0hio-4650. However, all filings in Ham. Cty. Case. No. A 1402001 are locked from online access, stating "Document May Contain Sensitive Information." (https://www.courtclerk.org/data/case_summary.php?sec=doc&casenumber=A+1402001&submit.x=l3&submit.y=17. Accessed Feb. 17, 2022.)

{¶2} R.C. 2323.52 governs a civil action that declares a person to be a vexatious litigator.  R.C. 2323.52(I) provides:

> Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending *shall dismiss* the proceedings or application of the vexatious litigator.

(Emphasis added.)

{¶3} The Ohio Supreme Court has held that, in statutory construction, the word "shall" is required to be construed as mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus.  The Court does not discern a clear and unequivocal legislative intent in R.C. 2323.52(I) that the word "shall" should receive a construction other than its ordinary usage.  The statutory language of R.C. 2323.52(I) therefore requires dismissal of a vexatious litigator's proceedings or application unless the vexatious litigator receives permission from the appropriate court of common pleas or court of appeals to file a suit.  *Accord Huntington Natl. Bank v. Lomaz*, 11th Dist. Portage No. 2005-P-0075, 2006-Ohio-3880, ¶ 14, citing *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 385, 632 N.E.2d 897 (1994) ("[t]he use of the word 'shall' in R.C. 2323.52(F) and (I) indicates that those statutory sections, requiring a vexatious litigator to obtain leave of a court of appeals to maintain any proceedings therein, and requiring the court to dismiss any non-compliant proceeding, are mandatory").  In the absence of permission

---

(Recommendation For Dismissal, 1, fn. 2.)  In another footnote, the Special Master stated: "The correspondence and identification documents attached to the complaint establish that respondent proffers multiple titles and names, among them Yvette Barbara Baldwin."  (Recommendation For Dismissal, 1, fn. 1.)

from an appropriate court of common pleas or court of appeals, or in the absence of a superior court overturning a vexatious litigator finding, this Court cannot hear this case, regardless of its merit or its lack of merit.

{¶4} The Court finds that the Special Master's Recommendation For Dismissal is well taken. The Court sua sponte DISMISSES Requester's Complaint pursuant to R.C. 2323.52(I) and 2743.75(D)(2). *See* R.C. 2743.75(D)(2) ("[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time"). Court costs are assessed to Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed March 10, 2022**
**Sent to S.C. Reporter 4/8/22**